UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BERMAN

WELLS FARGO BANK, N.A., as Trustee,

    Interpleader Plaintiff,

    - against -

TRUST PREFERRED SOLUTIONS, LLC,
HILDENE CAPITAL MANAGEMENT, LLC,
CITIBANK INTERNATIONAL PLC, CITIGROUP
GLOBAL MARKETS, INC., ZIONS FIRST
NATIONAL BANK, VERTICAL CDO 2004-1,
LTD., VERTICAL CDO 2003-1, LTD., BANC OF
AMERICA SECURITIES LLC, ING CAPITAL
LLC, AURELIUS CAPITAL MANAGEMENT
GMBH, HSH NORDBANK AG LUXEMBOURG
BRANCH, SHENANDOAH LIFE INSURANCE
COMPANY, THE HUNTINGTON NATIONAL
BANK, ASSURED GUARANTY CORP., SCP
CAPITAL I, LTD., SCP MASTER FUND II, LTD.,
J.P. MORGAN CLEARING CORP., CRYSTAL
FUND, LTD., CRYSTAL FUND II LTD.,
WOODMEN OF THE WORLD LIFE
INSURANCE, CEDE & CO., as holder of certain
Secured Notes and nominee name of the Depository
Trust Company, and DOES 1 through 100, owners
of beneficial interests in the Notes and/or Preferred
Shares,

    Interpleader Defendants.

'09 CIV 9135

**INTERPLEADER
COMPLAINT**



       Interpleader Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), in its capacity as Trustee

under the (1) Indenture dated April 23, 2003, by and among itself, and Tropic CDO I Ltd., as

Issuer, and Tropic CDO I Corp., as Co-Issuer, (2) Indenture dated October 15, 2003, by and

among itself, and Tropic CDO II Ltd., as Issuer, and Tropic CDO II Corp., as Co-Issuer, (3)

Indenture dated February 24, 2004, by and among itself and Tropic CDO III Ltd., as Issuer, and

Tropic CDO III Corp., as Co-Issuer, (4) the Indenture dated November 18, 2004, by and among

itself, and Tropic CDO IV Ltd. and Tropic CDO IV Corp., (5) Indenture dated as of August 24, 2005, by and among itself and Soloso CDO 2005-1 Ltd., as Issuer, and Soloso CDO 2005-1 Corp., as Co-Issuer, and (6) Indenture dated as of June 28, 2007, by and among itself and Soloso CDO 2007-1 Ltd., as Issuer and Soloso CDO 2007-1 Corp., as Co-Issuer (collectively, the "Indentures"), alleges and states that:

## INTRODUCTION

1.      This is an interpleader action brought for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets held by Wells Fargo as Trustee in connection with the six collateralized debt obligation transactions enumerated in the preceding paragraph (the "CDOs"). Wells Fargo, which serves as Trustee (all capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Indentures) under the Indentures, faces competing demands by certain Interpleader Defendants with respect to actions to be taken with respect to certain items of Portfolio Collateral held by it on behalf of the CDOs' Issuers, and cannot determine, without hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or more adverse Interpleader Defendants are of diverse citizenship, and the amount in controversy exceeds $500. Wells Fargo will not sell or otherwise dispose of the items of Portfolio Collateral described in Exhibit A hereto so as to preserve the assets that are the subject of the instant dispute pending an appropriate order or judgment of the Court.

3.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or more Interpleader Defendants reside within this judicial district.

LEGAL02/31594018v10

## PARTIES

4.     Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.  Wells Fargo is the Trustee under the Indentures.

5.     Interpleader Defendant Trust Preferred Solutions, LLC ("TPS") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 4600 Wells Fargo Center, Minneapolis, Minnesota.  TPS has made an offer to purchase certain items of Portfolio Collateral from Tropic CDO I Ltd., Tropic CDO II Ltd., Tropic CDO III Ltd., Tropic CDO IV Ltd., Soloso CDO 2005-1 Ltd., and Soloso CDO 2007-1 Ltd.

6.     Interpleader Defendant Hildene Capital Management, LLC ("Hildene") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 153 East 53rd Street, New York, New York.  Further upon information and belief, Hildene is the manager of certain funds that own Class A3L Notes issued by Tropic CDO II Ltd., Class A3L Notes issued by Soloso CDO 2005-1 Ltd., and Class A2L Notes issued by Soloso CDO 2007-1 Ltd.

7.     Interpleader Defendant Citibank International plc ("Citibank") is, upon information and belief, a private limited company, organized and existing under the laws of the United Kingdom, with its principal place of business at Citigroup Centre, 25 Canada Square, London, United Kingdom.  Further upon information and belief, Citibank is a holder of certain Class A-1LA Notes issued by Soloso CDO 2005-1 Ltd., a holder of certain Class A-1LA Notes issued by Soloso CDO 2007-1 Ltd., a holder of certain Class A-1LA Notes issued by Tropic CDO II Ltd., and a holder of certain Class A-1LA Notes issued by Tropic CDO IV Ltd.

8.     Interpleader Defendant Citigroup Global Markets, Inc. ("Citigroup Global") is, upon information and belief, a corporation organized and existing under the laws of the State of

- 3 -

New York, with its principal place of business at 388 Greenwich Street, New York, New York. Further upon information and belief, Citibank Global is a holder of certain Class A-1L Notes issued by Tropic CDO II Ltd. and a holder of certain Class A-1L Notes issued by Tropic CDO IV Ltd.

9.      Interpleader Defendant Zions First National Bank ("Zions") is, upon information and belief, a federally chartered bank, with its main office located at One South Main Street, Salt Lake City, Utah.  Further upon information and belief, Zions is a holder of certain Class A2-L, A-4, A-4L and B1-L Notes issued by Tropic CDO I Ltd., a holder of certain Class A2-L, A-4, A-4L and B-1L Notes issued by Tropic CDO II Ltd., a holder of certain Class A-2L and A-4A Notes issued by Tropic CDO III Ltd., and a holder of certain Class A-4 and B-1L Notes issued by Tropic CDO IV Ltd.

10.      Interpleader Defendant Vertical CDO 2004-1 Ltd. ("Vertical 2004") is, upon information and belief, an exempted company with limited liability incorporated and existing under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. Further upon information and belief, Vertical 2004 is a holder of certain Class A-1L Notes issued by Tropic CDO II Ltd.

11.      Interpleader Defendant Vertical CDO 2003-1 Ltd. ("Vertical 2003") is, upon information and belief, an exempted company with limited liability incorporated and existing under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. Further upon information and belief, Vertical 2003 is a holder of certain Class A-1L Notes issued by Tropic CDO I Ltd. and a holder of certain Class A-1L Notes issued by Tropic CDO II Ltd.

12.      Interpleader Defendant Banc of America Securities LLC ("BoA") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 9 West 57th Street, New York, New

- 4 -

York. Further, upon information and belief, BoA is a holder of certain Notes issued by Tropic

CDO I Ltd., a holder of certain Notes issued by Tropic CDO II Ltd., a holder of certain Notes

issued by Tropic CDO III Ltd., and/or a holder of certain Notes issued by Tropic CDO IV Ltd.

13.     Interpleader Defendant ING Capital LLC ("ING") is, upon information and

belief, a limited liability company organized and existing under the laws of the State of

Delaware, with its principal place of business at 1325 Avenue of the Americas, New York, New

York. Further upon information and belief, ING is a holder of certain Class A-1LA Notes issued

by Tropic CDO IV Ltd.

14.     Interpleader Defendant Aurelius Capital Management GmbH ("Aurelius") is,

upon information and belief, a corporation organized and existing under the laws of Austria, with

its principal place of business at Wipplingerstrasse 30, Vienna, Austria. Further upon

information and belief, Aurelius is a holder of certain Class A-1LA Notes issued by Soloso CDO

2005-1 Ltd.

15.     Interpleader Defendant HSH Nordbank AG Luxembourg Branch ("HSH") is,

upon information and belief, a branch of HSH Nordbank Securities A.A., a corporation

organized and existing under the laws of Luxembourg, with its principal place of business at 2,

rue Jean Monnet, 1-2180, Luxembourg. Further upon information and belief, HSH is a holder of

certain Notes issued by Soloso CDO 2007-1 Ltd.

16.     Interpleader Defendant Shenandoah Life Insurance Company ("Shenandoah") is,

upon information and belief, a corporation organized and existing under the laws of the State of

Georgia, with its principal place of business at 2301 Brambleton Ave. SW, Roanoke, Virginia.

Further upon information and belief, Shenandoah is a holder of certain Class A-1LA Notes

issued by Soloso CDO 2007-1.

- 5 -

17.    Interpleader Defendant The Huntington National Bank ("Huntington") is, upon information and belief, a federally chartered bank organized and existing under the laws of the State of Ohio, with its main office at 41 South High Street, Columbus, Ohio. Further upon information and belief, Huntington is a holder of certain Class A-3L Notes and Class A-3A Notes issued by Soloso CDO 2005-1 Ltd. and a holder of certain Class A-3L Notes issued by Tropic CDO III Ltd.

18.    Interpleader Defendant Assured Guaranty Corp. ("Assured") is, upon information and belief, a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 1325 Avenue of the Americas, New York, New York. Further upon information and belief, Assured is the credit protection provider in respect of certain Class A-1L Notes issued by Tropic CDO IV Ltd.

19.    Interpleader Defendant SCP Capital I, Ltd. ("SCP Capital") is, upon information and belief, a company with its principal place of business at 120 West 45th Street, New York, New York. Further upon information and belief, SCP Capital is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

20.    Interpleader Defendant SCP Master Fund II, Ltd. ("SCP Master Fund") is, upon information and belief, a company with its principal place of business at 120 West 45th Street, New York, New York. Further upon information and belief, SCP Master Fund is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

21.    Interpleader Defendant J.P. Morgan Clearing Corp. ("JPM") is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Metrotech Center, Brooklyn, New York. Further upon information and belief, JPM is a holder of certain Preferred Shares of Tropic CDO IV Ltd. or a custodian and/or agent for a holder of certain Preferred Shares of Tropic CDO IV Ltd.

- 6 -

22.     Interpleader Defendant Crystal Fund, Ltd. ("Crystal Fund") is, upon information and belief, a company organized and existing under the laws of the British Virgin Islands, with its principal place of business located at Road Town, Tortola, British Virgin Islands.  Further upon information and belief, Crystal Fund is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

23.     Interpleader Defendant Crystal Fund II, Ltd. ("Crystal Fund II") is, upon information and belief, a company organized and existing under the laws of the British Virgin Islands, with its principal place of business located at Road Town, Tortola, British Virgin Islands.  Further upon information and belief, Crystal Fund II is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

24.     Interpleader Defendant Woodmen of the World Life Insurance ("Woodmen") is, upon information and belief, a company organized and existing under the laws of the State of Nebraska, with its principal place of business at 1700 Farnam Street, Omaha, Nebraska.  Further upon information and belief, Woodmen is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

25.     Interpleader Defendant Cede & Co. ("Cede") is, upon information and belief, the nominee name of the Depository Trust Company, a limited purpose trust company organized and existing under the law of the State of New York, with its principal place of business at 55 Water Street, New York, New York.  Further upon information and belief, Cede is the registered holder of record of the Notes and certain of the Preferred Shares at issue in this Interpleader Complaint, which Notes and Preferred Shares are held for the ultimate benefit of others.

26.     Interpleader Defendants Does 1 through 100 (the "Doe Defendants") are, upon information and belief, beneficial owners of (a) the interests in the Notes held by Cede and (b) the interests in the Preferred Shares held by Cede or other entity, of whose names or true

- 7 -

identities as owners of a specific Class or Classes of such Notes or Preferred Shares Wells Fargo

is ignorant. Upon information and belief, the Doe Defendants may have an interest in dispute

described herein by virtue of their status as beneficial owners of the interests in the Notes and

Preferred Shares.

## BACKGROUND

27.     Wells Fargo is a party to the Indentures, pursuant to which the Issuers and, in

certain circumstances, the Co-Issuers issued certain Notes, which Notes are secured by a pool of

Portfolio Collateral. The relevant provisions of each of the six Indentures are substantially

identical. The Issuers have also issued Preferred Shares which are not secured by the Portfolio

Collateral but are entitled to the payment of proceeds thereof after payments of interest and

principal are made on the Notes.

28.     The Portfolio Collateral includes, among other assets and accounts, certain Trust

Securities, which are trust preferred securities issued by wholly-owned trust subsidiaries of

certain bank holding companies, certain Bank Subordinated Notes issued by banks, thrifts or

other depository institutions or their respective parent holding companies, and other similar

securities, including all payments and proceeds received on the Portfolio Collateral. Pursuant to

each Indenture, the Issuer pledged the Portfolio Collateral to Wells Fargo, in its capacity as

Trustee, in order to secure its obligations under the Indentures. Wells Fargo holds the Portfolio

Collateral on behalf of the Secured Parties under the subject Indentures and collects the proceeds

payable on such Portfolio Collateral, which proceeds are distributed to the holders of the Notes

and the Preferred Shares pursuant to the terms of the Indentures.

29.     Section 10.3(d) of the Indentures requires that Wells Fargo notify the holders of

the Preferred Shares of any Portfolio Collateral that is subject to an Offer. The Indentures define

an Offer to include, with respect to any security "any offer by the issuer of such security or by

- 8 -

any other person made to all of the holders of such class of security to purchase or otherwise acquire all such securities."

30.    Section 10.3(d) of each Indenture further provides that, if no Event of Default has occurred and is continuing (subject to certain conditions), "Holders representing at least 66-2/3% of the Preferred Shares may direct the Trustee to release from the lien of this Indenture such Portfolio Collateral in accordance with the terms of the Offer in each case against receipt of payment therefor."

## THE DISPUTE

31.    On or about October 15, 2009, TPS delivered six letters to Wells Fargo and each Issuer offering to purchase certain items of Portfolio Collateral held on behalf of each of the six CDOs (the "October 15 Letters"). With each letter, TPS included a table setting forth, *inter alia*, the specific items of Portfolio Collateral subject to its offer and indicating the consideration to be paid for each such item of Portfolio Collateral. Exhibit A hereto lists the specific items of Portfolio Collateral from each of the six CDOs that were the subject of TPS's October 15 Letters. TPS represented that, for each item of Portfolio Collateral that was subject to an offer, it had also made an offer on the same terms to any and all other holders of such item of Portfolio Collateral.

32.    In each of its October 15 Letters, TPS stated that, in the event its offer to purchase an item of Portfolio Collateral were accepted by the Trustee on behalf of the Issuer, it would pay an amount in cash (the "Consent Payment") directly to the holders of the Preferred Shares who had delivered to the Trustee "the required direction." Upon information and belief, TPS intended the phrase "the required direction" to refer to the direction contemplated by Section 10.3(d) of the Indentures. TPS further stated that, in the event its offer to purchase an

- 9 -

item of Portfolio Collateral were accepted, it would pay the corresponding Consent Payment *pro rata* to those holders of Preferred Shares who had given the requisite direction to the Trustee.

33.      As of October 15, 2009 and the date of the filing of this Interpleader Complaint, Wells Fargo has not received notice of, nor does it have knowledge that any of the CDOs have experienced an Event of Default, as that term is defined in the Indentures.

34.      Wells Fargo subsequently caused copies of each of the October 15 Letters to be delivered, *inter alia*, to the appropriate holders of the Preferred Shares. With its communication to the holders of Preferred Shares, Wells Fargo also caused to be delivered a Notice of Offer and Request for Direction which included forms that could be completed by holders of Preferred Shares and returned to Wells Fargo in order to direct Wells Fargo to accept the Offer in whole or in part. Copies of the October 15 Letters were also sent to the holders of the Notes.

35.      On or about October 16, 2009, Wells Fargo received a letter from Hildene, which identified itself as the manager of certain funds that are holders of Notes issued by Tropic CDO II Ltd., Soloso CDO 2005-1 Ltd. and Soloso CDO 2007-1 Ltd. In its letter, Hildene objected to the offers made by TPS to purchase items of Portfolio Collateral from the CDOs in which Hildene held Notes, claiming that the acceptance of the offers would be improper, violate Hildene's rights, and cause irreparable harm.

36.      In its letter, Hildene claimed, *inter alia*, that the Consent Payments that were described in TPS's October 15 letters would be an improper payment to holders of Preferred Shares "for their assistance in fleecing note holders and approving the sale of assets by the Issuers for a token amount." Hildene further took the position that, if the TPS offers were accepted in respect of any of the items of Portfolio Collateral, the Consent Payments should be characterized as consideration payable to the relevant CDO Issuer for the benefit of the holders of Notes.

- 10 -

37.     In its letter, Hildene stated that it intended to hold Wells Fargo liable for any

losses it might incur in the event Wells Fargo "assist[s] with the unreasonable and improper

Offers."

38.     Since October 16, Wells Fargo has received correspondence from other holders

of Notes setting forth objections to each of the offers made in TPS's October 15 Letters.  In

addition to Hildene, Wells Fargo has received objections from Citibank, Citigroup Global, Zions,

BoA, Vertical 2003, Vertical 2004, ING, Aurelius, HSH, Shenandoah, Huntington, and Assured.

Most of these Noteholders have explicitly stated their belief that Wells Fargo would be liable for

damages in the event the Offers were accepted.

39.     The deadline originally set by TPS for acceptance of its offers in respect of items

of Portfolio Collateral held on behalf of Tropic CDO IV Ltd., Soloso CDO 2005-1 Ltd., and

Soloso CDO 2007-1 Ltd. was October 29, 2009.  As of such date, SCP Capital, SCP Master

Fund, JPM, Crystal Fund, Crystal Fund II, and Woodmen (the "Consenting Preferred Holders")

had delivered to Wells Fargo directions to accept the TPS offer in respect of the items of

Portfolio Collateral held on behalf of the Tropic CDO IV Ltd. that were subject to TPS's October

15 offer.  The Consenting Preferred Holders collectively hold in excess of 66-2/3% of the

Preferred Shares of Tropic CDO IV Ltd.

40.     The deadline set by TPS for acceptance of its offers in respect of items of

Portfolio Collateral held on behalf of Tropic CDO I Ltd., Tropic CDO II Ltd. and Tropic CDO

III Ltd. is November 10, 2009.

41.     On October 30, 2009, TPS extended the deadline for acceptance of its offers in

respect of items of Portfolio Collateral held on behalf of Soloso CDO 2005-1 Ltd. and Soloso

CDO 2007-1 Ltd. to November 10, 2009.

LEGAL02/31594018v10

42.     On that same date, TPS delivered to Wells Fargo notices in respect of each of the CDOs. In each of the notices, TPS set forth its position, *inter alia*, that the holders of Preferred Shares have the authority to approve sales of items of Portfolio Collateral by the Issuers. TPS further stated its position that the Trustee is able to accept an offer to purchase an item of Portfolio Collateral upon receiving appropriate direction from holders of Preferred Shares, without further action by the Issuer. TPS also indicated that it believes that its Consent Payment offers are "not improper, [are] not prohibited by the terms of the Indenture[s], and [are] common in financial transactions."

43.     Although Section 10.3(d) of the Indentures appears to contemplate that Wells Fargo will accept on behalf of the Issuer the TPS offer in respect of any item of Portfolio Collateral as to which the requisite holders of Preferred Shares deliver directions, as set forth above certain holders of Notes have objected to the TPS offers and claim that Wells Fargo could be subject to liability in the event it takes any action to accept a TPS offer. TPS, on the other hand, disagrees with objections of the holders of Notes and insists that the Trustee may properly accept any offer to purchase an item of Portfolio Collateral where appropriate direction has been received from holders of Preferred Shares. Wells Fargo is therefore unable to determine, without exposing itself to risk of liability, how to proceed in respect of the offers contained in TPS's October 15 Letters.

44.     Wells Fargo is ready and willing to proceed in respect of the offers contained in TPS's October 15 Letters and the items of Portfolio Collateral that are the subject of the instant dispute (as set forth in Exhibit A hereto) in the manner in which the Court directs.

45.     As Trustee, Wells Fargo has no interest as a claimant in the items of Portfolio Collateral that are the subject of this dispute, except to the extent of reasonable attorneys' fees, costs and disbursements with respect to this action, as may be awarded by the Court.

LEGAL02/31594018v10

46.     The above-entitled action is not brought by collusion with any of the Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** Wells Fargo asks this Court:

(i)     To order Interpleader Defendants to interplead and to settle all claims related to the

items of Portfolio Collateral that are the subject of this dispute among themselves and

any other persons who claim or may claim an interest, beneficial or legal, in such

assets;

(ii)    To restrain Interpleader Defendants and all claiming through or acting with them, or

claiming any interest in the items of Portfolio Collateral, from commencing or

prosecuting any separate proceeding against Wells Fargo concerning or relating to the

issues in this action;

(iii)   To award Wells Fargo its costs and disbursements, including legal fees and expenses,

with respect to this action and the distribution of proceeds in dispute; and

(iv)    To award Wells Fargo such other and further relief as the Court may deem just,

proper and equitable.


Dated: New York, New York
      November 2, 2009

ALSTON & BIRD LLP

By: _____

Michael E. Johnson
Kristin Ann Meister
90 Park Avenue
New York, New York  10016
(212) 210-9400

*Attorneys for Interpleader Plaintiff*
*Wells Fargo Bank, N.A., as Trustee*

LEGAL02/31594018v10