UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



WELLS FARGO BANK, N.A., as Trustee, TROPIC
CDO I LTD., TROPIC CDO I CORP., TROPIC
CDO II LTD., TROPIC CDO II CORP., TROPIC
CDO III LTD., TROPIC CDO III CORP., TROPIC
CDO IV LTD., TROPIC CDO IV CORP., SOLOSO
CDO 2005-1 LTD., SOLOSO CDO 2005-1 CORP.,
SOLOSO CDO 2007-1 LTD., and SOLOSO CDO
2007-1 CORP.,

           Interpleader Plaintiffs,

           - against -

TRUST PREFERRED SOLUTIONS, LLC,
HILDENE CAPITAL MANAGEMENT, LLC,
CITIBANK INTERNATIONAL PLC, CITIGROUP
GLOBAL MARKETS, INC., ZIONS FIRST
NATIONAL BANK, VERTICAL CDO 2004-1,
LTD., VERTICAL CDO 2003-1, LTD., BANC OF
AMERICA SECURITIES LLC, ING CAPITAL
LLC, AURELIUS CAPITAL MANAGEMENT
GMBH, HSH NORDBANK AG LUXEMBOURG
BRANCH, SHENANDOAH LIFE INSURANCE
COMPANY, THE HUNTINGTON NATIONAL
BANK, ASSURED GUARANTY CORP., SCP
CAPITAL I, LTD., SCP MASTER FUND II, LTD.,
CRYSTAL FUND, LTD., CRYSTAL FUND II,
LTD., WOODMEN OF THE WORLD LIFE
INSURANCE, AG CNG FUND, L.P., AG SUPER
FUND, L.P., AG SUPER FUND
INTERNATIONAL PARTNERS, L.P., ALVIN
SHERMAN 1993 REV. LIVING TRUST, GAM
ARBITRAGE INVESTMENTS, INC., JAYNE
SHERMAN, WATERFALL ASSET
MANAGEMENT LLC, WMS WASHINGTON
FUND LLC, and CEDE & CO., as holder of certain
Secured Notes and nominee name of the Depository
Trust Company, and DOES 1 through 100, owners
of beneficial interests in the Notes and/or Preferred
Shares,

           Interpleader Defendants.

No. 1:09-cv-9135 (DC)

**FIRST AMENDED
INTERPLEADER
COMPLAINT**

Interpleader Plaintiffs Wells Fargo Bank, N.A. ("Wells Fargo"), in its capacity as Trustee under the (1) Indenture dated April 23, 2003, by and among itself, and Tropic CDO I Ltd., as Issuer, and Tropic CDO I Corp., as Co-Issuer (the "Tropic CDO I Indenture"), (2) Indenture dated October 15, 2003, by and among itself, and Tropic CDO II Ltd., as Issuer, and Tropic CDO II Corp., as Co-Issuer (the "Tropic CDO II Indenture"), (3) Indenture dated February 24, 2004, by and among itself and Tropic CDO III Ltd., as Issuer, and Tropic CDO III Corp., as Co-Issuer (the "Tropic CDO III Indenture"), (4) Indenture dated November 18, 2004, by and among itself, and Tropic CDO IV Ltd. and Tropic CDO IV Corp. (the "Tropic CDO IV Indenture"), (5) Indenture dated as of August 24, 2005, by and among itself and Soloso CDO 2005-1 Ltd., as Issuer, and Soloso CDO 2005-1 Corp., as Co-Issuer (the "Soloso CDO 2005-1 Indenture"), and (6) Indenture dated as of June 28, 2007, by and among itself and Soloso CDO 2007-1 Ltd., as Issuer and Soloso CDO 2007-1 Corp., as Co-Issuer (the "Soloso CDO 2007-1 Indenture") (collectively, the "Indentures"), Tropic CDO I Ltd., Tropic CDO I Corp. (Tropic CDO I Ltd. and Tropic CDO I Corp. together, the "Tropic CDO I Co-Issuers"), Tropic CDO II Ltd., Tropic CDO II Corp. (Tropic CDO II Ltd. and Tropic CDO II Corp. together, the "Tropic CDO II Co-Issuers"), Tropic CDO III Ltd., Tropic CDO III Corp. (Tropic CDO III Ltd. and Tropic CDO III Corp. together, the "Tropic CDO III Co-Issuers"), Tropic CDO IV Ltd., Tropic CDO IV Corp. (Tropic CDO IV Ltd. and Tropic CDO IV Corp. together, the "Tropic CDO IV Co-Issuers"), Soloso CDO 2005-1 Ltd., Soloso CDO 2005-1 Corp. (Soloso CDO 2005-1 Ltd. and Soloso CDO 2005-1 Corp. together, the "Soloso CDO 2005-1 Co-Issuers"), Soloso CDO 2007-1 Ltd., and Soloso 2007-1 Corp. (Soloso CDO 2007-1 Ltd. and Soloso 2007-1 Corp. together, the "Soloso CDO 2007-1 Co-Issuers") allege and state that:

## INTRODUCTION

1.      This is an interpleader action brought for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets owned, respectively, by Tropic CDO I Ltd., Tropic CDO II Ltd., Tropic CDO III Ltd., Tropic CDO IV Ltd., Soloso CDO 2005-1 Ltd., and Soloso CDO 2007-1 Ltd. (collectively the "Issuers") and held by Wells Fargo as Trustee in connection with the six collateralized debt obligation transactions enumerated in the preceding paragraph (the "CDOs").  Wells Fargo, which serves as Trustee (all capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Indentures) under the Indentures, faces competing demands by certain Interpleader Defendants with respect to actions to be taken with respect to certain items of Portfolio Collateral held by it on behalf of the Issuers, and cannot determine, without hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or more adverse Interpleader Defendants are of diverse citizenship, and the amount in controversy exceeds $500.

3.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or more Interpleader Defendants reside within this judicial district.

## PARTIES

4.      Interpleader Plaintiff Wells Fargo ("Wells Fargo") is a national banking association with its main office in Sioux Falls, South Dakota.  Wells Fargo is the Trustee under the Indentures.

LEGAL02/31694209v6

5.      Interpleader Plaintiff Tropic CDO I Ltd. is an exempted company with limited liability incorporated under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands.  Tropic CDO I Ltd. is the Issuer under the Tropic CDO I Indenture.

6.      Interpleader Plaintiff Tropic CDO I Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Newark, Delaware.  Tropic CDO I Corp. is the Co-Issuer under the Tropic CDO I Indenture.

7.      Interpleader Plaintiff Tropic CDO II Ltd. is an exempted company with limited liability incorporated under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands.  Tropic CDO II Ltd. is the Issuer under the Tropic CDO II Indenture.

8.      Interpleader Plaintiff Tropic CDO II Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Newark, Delaware.  Tropic CDO II Corp. is the Co-Issuer under the Tropic CDO II Indenture.

9.      Interpleader Plaintiff Tropic CDO III Ltd. is an exempted company with limited liability incorporated under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands.  Tropic CDO III Ltd. is the Issuer under the Tropic CDO III Indenture.

10.     Interpleader Plaintiff Tropic CDO III Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Newark, Delaware.  Tropic CDO III Corp. is the Co-Issuer under the Tropic CDO III Indenture.

11.     Interpleader Plaintiff Tropic CDO IV Ltd. is an exempted company with limited liability incorporated under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands.  Tropic CDO IV Ltd. is the Issuer under the Tropic CDO IV Indenture.

12.     Interpleader Plaintiff Tropic CDO IV Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Newark, Delaware.  Tropic CDO IV Corp. is the Co-Issuer under the Tropic CDO IV Indenture.

LEGAL02/31694209v6

13.     Interpleader Plaintiff Soloso CDO 2005-1 Ltd. is an exempted company with limited liability incorporated under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. Soloso CDO 2005-1 Ltd. is the Issuer under the Soloso CDO 2005-1 Indenture.

14.     Interpleader Plaintiff Soloso CDO 2005-1 Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Newark, Delaware. Soloso CDO 2005-1 Corp. is the Co-Issuer under the Soloso 2005-1 CDO Indenture.

15.     Interpleader Plaintiff Soloso CDO 2007-1 Ltd. is an exempted company with limited liability incorporated under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. Soloso CDO 2007-1 Ltd. is the Issuer under the Soloso CDO 2007-1 Indenture.

16.     Interpleader Plaintiff Soloso CDO 2007-1 Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Newark, Delaware. Soloso CDO 2007-1 Corp. is the Co-Issuer under the Soloso 2007-1 CDO Indenture.

17.     Interpleader Defendant Trust Preferred Solutions, LLC ("TPS") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 4600 Wells Fargo Center, Minneapolis, Minnesota. TPS has made an offer to purchase certain items of Portfolio Collateral from each of the Issuers.

18.     Interpleader Defendant Hildene Capital Management, LLC ("Hildene") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 140 East 45th Street, New York, New York. Further upon information and belief, Hildene is the manager of certain funds that own

- 5 -

Class A3L Notes issued by the Tropic CDO II Co-Issuers, Class A3L Notes issued by the Soloso

CDO 2005-1 Co-Issuers, and Class A2L Notes issued by the Soloso CDO 2007-1 Co-Issuers.

19.     Interpleader Defendant Citibank International plc ("Citibank") is, upon

information and belief, a private limited company, organized and existing under the laws of the

United Kingdom, with its principal place of business at Citigroup Centre, 25 Canada Square,

London, United Kingdom.  Further upon information and belief, Citibank is a holder of certain

Class A-1LA Notes issued by the Soloso CDO 2005-1 Co-Issuers, a holder of certain Class A-

1LA Notes issued by the Soloso CDO 2007-1 Co-Issuers, a holder of certain Class A-1LA Notes

issued by the Tropic CDO II Co-Issuers, and a holder of certain Class A-1LA Notes issued by

the Tropic CDO IV Co-Issuers.

20.     Interpleader Defendant Citigroup Global Markets, Inc. ("Citigroup Global") is,

upon information and belief, a corporation organized and existing under the laws of the State of

New York, with its principal place of business at 388 Greenwich Street, New York, New York.

Further upon information and belief, Citibank Global is a holder of certain Class A-1L Notes

issued by the Tropic CDO II Co-Issuers and a holder of certain Class A-1L Notes issued by the

Tropic CDO IV Co-Issuers.

21.     Interpleader Defendant Zions First National Bank ("Zions") is, upon information

and belief, a federally chartered bank, with its main office located at One South Main Street, Salt

Lake City, Utah.  Further upon information and belief, Zions is a holder of certain Class A2-L,

A-4, A-4L and B1-L Notes issued by the Tropic CDO I Co-Issuers, a holder of certain Class A2-

L, A-4, A-4L and B-1L Notes issued by the Tropic CDO II Co-Issuers, a holder of certain Class

A-2L and A-4A Notes issued by the Tropic CDO III Co-Issuers, and a holder of certain Class A-

4 and B-1L Notes issued by the Tropic CDO IV Co-Issuers.

- 6 -

22.    Interpleader Defendant Vertical CDO 2004-1 Ltd. ("Vertical 2004") is, upon information and belief, an exempted company with limited liability organized and existing under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. Further upon information and belief, Vertical 2004 is a holder of certain Class A-1L Notes issued by the Tropic CDO II Co-Issuers.

23.    Interpleader Defendant Vertical CDO 2003-1 Ltd. ("Vertical 2003") is, upon information and belief, an exempted company with limited liability organized and existing under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. Further upon information and belief, Vertical 2003 is a holder of certain Class A-1L Notes issued by the Tropic CDO I Co-Issuers and a holder of certain Class A-1L Notes issued by the Tropic CDO II Co-Issuers.

24.    Interpleader Defendant Banc of America Securities LLC ("BoA") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 9 West 57th Street, New York, New York. Further, upon information and belief, BoA is a holder of certain Notes issued by the Tropic CDO I Co-Issuers, a holder of certain Notes issued by the Tropic CDO II Co-Issuers, a holder of certain Notes issued by the Tropic CDO III Co-Issuers, and/or a holder of certain Notes issued by the Tropic CDO IV Co-Issuers.

25.    Interpleader Defendant ING Capital LLC ("ING") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1325 Avenue of the Americas, New York, New York. Further upon information and belief, ING is a holder of certain Class A-1LA Notes issued by the Tropic CDO IV Co-Issuers.

LEGAL02/31694209v6

26.     Interpleader Defendant Aurelius Capital Management GmbH ("Aurelius") is, upon information and belief, a corporation organized and existing under the laws of Austria, with its principal place of business at Wipplingerstrasse 30, Vienna, Austria. Further upon information and belief, Aurelius is a holder of certain Class A-1LA Notes issued by the Soloso CDO 2005-1 Co-Issuers.

27.     Interpleader Defendant HSH Nordbank AG Luxembourg Branch ("HSH") is, upon information and belief, a branch of HSH Nordbank Securities A.A., a corporation organized and existing under the laws of Luxembourg, with its principal place of business at 2, rue Jean Monnet, 1-2180, Luxembourg. Further upon information and belief, HSH is a holder of certain Notes issued by the Soloso CDO 2007-1 Co-Issuers.

28.     Interpleader Defendant Shenandoah Life Insurance Company ("Shenandoah") is, upon information and belief, a corporation organized and existing under the laws of the State of Georgia, with its principal place of business at 2301 Brambleton Ave. SW, Roanoke, Virginia. Further upon information and belief, Shenandoah is a holder of certain Class A-1LA Notes issued by the Soloso CDO 2007-1 Co-Issuers.

29.     Interpleader Defendant The Huntington National Bank ("Huntington") is, upon information and belief, a federally chartered bank organized and existing under the laws of the State of Ohio, with its main office at 41 South High Street, Columbus, Ohio. Further upon information and belief, Huntington is a holder of certain Class A-3L Notes and Class A-3A Notes issued by the Soloso CDO 2005-1 Co-Issuers and a holder of certain Class A-3L Notes issued by the Tropic CDO III Co-Issuers.

30.     Interpleader Defendant Assured Guaranty Corp. ("Assured") is, upon information and belief, a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 31 West 52nd Street, New York, New York.

- 8 -

Further upon information and belief, Assured is the credit protection provider in respect of certain Class A-1L Notes issued by the Tropic CDO IV Co-Issuers.

31.     Interpleader Defendant SCP Capital I, Ltd. ("SCP Capital") is, upon information and belief, a company with its principal place of business at 120 West 45th Street, New York, New York. Further upon information and belief, SCP Capital is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

32.     Interpleader Defendant SCP Master Fund II, Ltd. ("SCP Master Fund") is, upon information and belief, a company with its principal place of business at 120 West 45th Street, New York, New York. Further upon information and belief, SCP Master Fund is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

33.     Interpleader Defendant AG CNG Fund, L.P. ("AG CNG") is, upon information and belief, a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 245 Park Avenue, New York, New York. Further upon information and belief, AG CNG is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

34.     Interpleader Defendant AG Super Fund, L.P. ("AG Super Fund") is, upon information and belief, a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 245 Park Avenue, New York, New York. Further upon information and belief, AG Super Fund is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

35.     Interpleader Defendant AG Super Fund International Partners, L.P. ("AG Super Fund International") is, upon information and belief, a limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business at West Wind Building, Georgetown, Grand Cayman Island, Cayman Islands. Further upon information and

LEGAL02/31694209v6

belief, AG Super Fund International is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

36.    Interpleader Defendant Alvin Sherman 1993 Rev. Living Trust ("Sherman Living Trust") is, upon information and belief, a revocable living trust formed under the laws of the State of Florida, with its principal place of business at 3000 Island Boulevard, Aventura, Florida.  Further upon information and belief, Sherman Living Trust is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

37.    Interpleader Defendant GAM Arbitrage Investments, Inc. ("GAM") is, upon information and belief, a company with its principal place of business at Cragmuir Chambers Road Town, Tortola, British Virgin Islands.  Further upon information and belief, GAM is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

38.    Interpleader Defendant Jayne Sherman is, upon information and belief, an individual residing at 753 Springs Fireplace Road, East Hampton, New York.  Further upon information and belief, Jayne Sherman is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

39.    Interpleader Defendant Waterfall Asset Management LLC ("Waterfall") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1185 Avenue of the Americas, New York, New York.  Further upon information and belief, Waterfall is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

40.    Interpleader Defendant WMS Washington Fund LLC ("WMS") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 305 Washington Avenue, Towson,

LEGAL02/31694209v6

Maryland. Further upon information and belief, WMS is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

41.     Interpleader Defendant Crystal Fund, Ltd. ("Crystal Fund") is, upon information and belief, a company organized and existing under the laws of the Cayman Islands, with its principal place of business located at 11 Dr. Roys Drive, Grand Cayman, Cayman Islands. Further upon information and belief, Crystal Fund is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

42.     Interpleader Defendant Crystal Fund II, Ltd. ("Crystal Fund II") is, upon information and belief, a company organized and existing under the laws of the Cayman Islands, with its principal place of business located at 11 Dr. Roys Drive, Grand Cayman, Cayman Islands. Further upon information and belief, Crystal Fund II is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

43.     Interpleader Defendant Woodmen of the World Life Insurance ("Woodmen") is, upon information and belief, a company organized and existing under the laws of the State of Nebraska, with its principal place of business at 1700 Farnam Street, Omaha, Nebraska. Further upon information and belief, Woodmen is a holder of certain Preferred Shares of Tropic CDO IV Ltd.

44.     Interpleader Defendant Cede & Co. ("Cede") is, upon information and belief, the nominee name of the Depository Trust Company, a limited purpose trust company organized and existing under the law of the State of New York, with its principal place of business at 55 Water Street, New York, New York. Further upon information and belief, Cede is the registered holder of record of the Notes and certain of the Preferred Shares at issue in this Interpleader Complaint, which Notes and Preferred Shares are held for the ultimate benefit of others.

- 11 -

45.     Interpleader Defendants Does 1 through 100 (the "Doe Defendants") are, upon information and belief, beneficial owners of (a) the interests in the Notes held by Cede and (b) the interests in the Preferred Shares held by Cede or other entity, of whose names or true identities as owners of a specific Class or Classes of such Notes or Preferred Shares Wells Fargo is ignorant.  Upon information and belief, the Doe Defendants may have an interest in dispute described herein by virtue of their status as beneficial owners of the interests in the Notes and Preferred Shares.

## BACKGROUND

46.     Wells Fargo is a party to the Indentures, pursuant to which the Tropic CDO I Co-Issuers, the Tropic CDO II Co-Issuers, the Tropic CDO III Co-Issuers, the Tropic CDO IV C-Issuers, the Soloso CDO 2005-1 Co-Issuers and the Soloso CDO 2007-1 Co-Issuers, respectively, issued certain Notes, which Notes are secured by separate pools of Portfolio Collateral.  The relevant provisions of each of the six Indentures are substantially identical.  The Issuers each have also issued Preferred Shares which are not secured by Portfolio Collateral but are entitled to the payment of proceeds thereof after payments of interest and principal are made on the related Notes.

47.     The Portfolio Collateral includes, among other assets and accounts, certain Trust Securities, which are trust preferred securities issued by wholly-owned trust subsidiaries of certain bank holding companies, certain Bank Subordinated Notes issued by banks, thrifts or other depository institutions or their respective parent holding companies, and other similar securities, including all payments and proceeds received on the Portfolio Collateral.  Pursuant to each Indenture, the Issuer pledged the Portfolio Collateral owned by such Issuer to Wells Fargo, in its capacity as Trustee, in order to secure its obligations under the Indenture.  Wells Fargo holds the Portfolio Collateral on behalf of the Secured Parties under each of the subject

LEGAL02/31694209v6

Indentures and collects the proceeds payable on such Portfolio Collateral, which proceeds are distributed to the holders of the Notes and the Preferred Shares pursuant to the terms of the Indentures.

48.    Section 10.3(d) of the Indentures requires that Wells Fargo notify the holders of the Preferred Shares of any Portfolio Collateral that is subject to an Offer. The Indentures define an Offer to include, with respect to any security "any offer by the issuer of such security or by any other person made to all of the holders of such class of security to purchase or otherwise acquire all such securities."

49.    Section 10.3(d) of each Indenture further provides that, if no Event of Default has occurred and is continuing (subject to certain conditions), "Holders representing at least 66-2/3% of the Preferred Shares may direct the Trustee to release from the lien of this Indenture such Portfolio Collateral in accordance with the terms of the Offer in each case against receipt of payment therefor."

## THE DISPUTE

50.    On or about October 15, 2009, TPS delivered six letters to Wells Fargo and each Issuer offering to purchase certain items of Portfolio Collateral held on behalf of each of the six CDOs (the "October 15 Letters"). With each letter, TPS included a table setting forth, *inter alia*, the specific items of Portfolio Collateral subject to its offer and indicating the consideration to be paid for each such item of Portfolio Collateral. Exhibit A hereto lists the specific items of Portfolio Collateral from each of the six CDOs that were the subject of TPS's October 15 Letters. TPS represented that, for each item of Portfolio Collateral that was subject to an offer, it had also made an offer on the same terms to any and all other holders of such item of Portfolio Collateral.

- 13 -

51.    In each of its October 15 Letters, TPS stated that, in the event its offer to purchase an item of Portfolio Collateral were accepted by the Trustee on behalf of the respective Issuer, it would pay an amount in cash (the "Consent Payment") directly to the holders of the Preferred Shares who had delivered to the Trustee "the required direction."   Upon information and belief, TPS intended the phrase "the required direction" to refer to the direction contemplated by Section 10.3(d) of the Indentures.  TPS further stated that, in the event its offer to purchase an item of Portfolio Collateral were accepted, it would pay the corresponding Consent Payment *pro rata* to those holders of Preferred Shares who had given the requisite direction to the Trustee.

52.    As of October 15, 2009 and the date of the filing of this Interpleader Complaint, Wells Fargo has not received notice of, nor does it have knowledge that any of the CDOs have experienced an Event of Default, as that term is defined in the Indentures.

53.    Wells Fargo subsequently caused copies of each of the October 15 Letters to be delivered, *inter alia*, to the appropriate holders of the Preferred Shares.  With its communication to the holders of Preferred Shares, Wells Fargo also caused to be delivered a Notice of Offer and Request for Direction which included forms that could be completed by holders of Preferred Shares and returned to Wells Fargo in order to direct Wells Fargo to accept the Offer in whole or in part.  Copies of the October 15 Letters were also sent to the holders of the Notes.

54.    On or about October 16, 2009, Wells Fargo received a letter from Hildene, which identified itself as the manager of certain funds that are holders of Notes issued by the Tropic CDO II Co-Issuers, the Soloso CDO 2005-1 Co-Issuers and the Soloso CDO 2007-1 Co-Issuers. In its letter, Hildene objected to the offers made by TPS to purchase items of Portfolio Collateral from the CDOs in which Hildene held Notes, claiming that the acceptance of the offers would be improper, violate Hildene's rights, and cause irreparable harm.

- 14 -

LEGAL02/31694209v6

55.     In its letter, Hildene claimed, *inter alia*, that the Consent Payments that were described in TPS's October 15 letters would be an improper payment to holders of Preferred Shares "for their assistance in fleecing note holders and approving the sale of assets by the Issuers for a token amount." Hildene further took the position that, if the TPS offers were accepted in respect of any of the items of Portfolio Collateral, the Consent Payments should be characterized as consideration payable to the relevant CDO Issuer for the benefit of the holders of Notes.

56.     In its letter, Hildene stated that it intended to hold Wells Fargo liable for any losses it might incur in the event Wells Fargo "assist[s] with the unreasonable and improper Offers."

57.     Since October 16, Wells Fargo has received correspondence from other holders of Notes setting forth objections to each of the offers made in TPS's October 15 Letters. In addition to Hildene, Wells Fargo has received objections from Citibank, Citigroup Global, Zions, BoA, Vertical 2003, Vertical 2004, ING, Aurelius, HSH, Shenandoah, Huntington, and Assured. Most of these Noteholders have explicitly stated their belief that Wells Fargo would be liable for damages in the event the Offers were accepted.

58.     The deadline originally set by TPS for acceptance of its offers in respect of items of Portfolio Collateral held on behalf of Tropic CDO IV Ltd., Soloso CDO 2005-1 Ltd., and Soloso CDO 2007-1 Ltd. was October 29, 2009. As of such date, SCP Capital, SCP Master Fund, AG CNG, AG Super Fund, AG Super Fund International, Sherman Living Trust, GAM, Jayne Sherman, Waterfall, WMS, Crystal Fund, Crystal Fund II, and Woodmen (the "Consenting Preferred Holders") had delivered or caused to be delivered to Wells Fargo directions to accept the TPS offer in respect of the items of Portfolio Collateral held on behalf of the Tropic CDO IV

Ltd. that were subject to TPS's October 15 offer. The Consenting Preferred Holders collectively hold in excess of 66-2/3% of the Preferred Shares of Tropic CDO IV Ltd.

59.     The deadline set by TPS for acceptance of its offers in respect of items of Portfolio Collateral held on behalf of Tropic CDO I Ltd., Tropic CDO II Ltd. and Tropic CDO III Ltd. was November 10, 2009. On October 30, 2009, TPS extended the deadline for acceptance of its offers in respect of items of Portfolio Collateral held on behalf of Soloso CDO 2005-1 Ltd. and Soloso CDO 2007-1 Ltd. from October 29, 2009 to November 10, 2009. As of November 10, 2009, Wells Fargo had not received directions from holders of Preferred Shares representing at least 66 2/3% of the Preferred Shares of Tropic COD I Ltd., Tropic CDO II Ltd., Tropic CDO III Ltd., Soloso CDO 2005-1 Ltd., or Soloso CDO 2007-1 Ltd.

60.     On October 30, 2009, TPS delivered to Wells Fargo notices in respect of each of the CDOs. In each of the notices, TPS set forth its position, *inter alia*, that the holders of Preferred Shares have the authority to approve sales of items of Portfolio Collateral by the Issuers. TPS further stated its position that the Trustee is able to accept an offer to purchase an item of Portfolio Collateral upon receiving appropriate direction from holders of Preferred Shares, without further action by the Issuer. TPS also indicated that it believes that its Consent Payment offers are "not improper, [are] not prohibited by the terms of the Indenture[s], and [are] common in financial transactions."

61.     Although Section 10.3(d) of the Indentures appears to contemplate that Wells Fargo will accept on behalf of the Issuer the TPS offer in respect of any item of Portfolio Collateral as to which the requisite holders of Preferred Shares deliver directions, as set forth above certain holders of Notes have objected to the TPS offers and claim that Wells Fargo could be subject to liability in the event it takes any action to accept a TPS offer, including TPS's offer to purchase items of Portfolio Collateral held on behalf of Tropic CDO IV Ltd. TPS, on the

- 16 -

other hand, disagrees with objections of the holders of Notes and insists that the Trustee may properly accept any offer to purchase an item of Portfolio Collateral where appropriate direction has been received from holders of Preferred Shares. Wells Fargo is therefore unable to determine, without exposing itself to risk of liability, how to proceed in respect of TPS's offer to purchase Tropic CDO IV Ltd. Portfolio Collateral.

62.    Because of the dispute as to the TPS offer in respect of the Tropic CDO IV Ltd. Portfolio Collateral, Wells Fargo is also unable to determine, without exposing itself to risk of liability, how to proceed in respect of any principal or interest proceeds collected in respect of such Portfolio Collateral. Wells Fargo will hold any such proceeds in escrow pending resolution of this action.

63.    Although Wells Fargo did not receive directions from holders of Preferred Shares representing at least 66 2/3% of the Preferred Shares of Tropic I CDO, Tropic II CDO, Tropic III CDO, Soloso CDO 2005-1, or Soloso CDO 2007-1 on or before November 10, 2009, TPS could at any time offer to purchase items of Portfolio Collateral held on behalf of any of the CDOs. If such an offer were made, Wells Fargo would be unable to determine how to proceed without exposing itself to risk of liability.

64.    Wells Fargo is ready and willing to proceed in respect of the offers contained in TPS's October 15 Letters and the items of Portfolio Collateral that are the subject of the instant dispute, as well as future offers in respect of items of Portfolio Collateral held on behalf of the CDOs, in the manner in which the Court directs.

65.    The Interpleader Plaintiffs have no interest as claimants in the items of Portfolio Collateral that are the subject of this dispute, except to the extent of reasonable attorneys' fees, costs and disbursements with respect to this action, as may be awarded by the Court.

- 17 -

66.    The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** the Interpleader Plaintiffs ask this Court:

(i)    To order Interpleader Defendants to interplead and to settle all claims related to the items of Portfolio Collateral that are the subject of this dispute among themselves and any other persons who claim or may claim an interest, beneficial or legal, in such assets;

(ii)    To restrain Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the items of Portfolio Collateral, from commencing or prosecuting any separate proceeding against the Interpleader Plaintiffs concerning or relating to the issues in this action;

(iii)    To award the Interpleader Plaintiffs their costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of proceeds in dispute; and

LEGAL02/31694209v6

(iv)     To award such other and further relief as the Court may deem just, proper and

equitable.

Dated: New York, New York
        January 20, 2010

                                        ALSTON & BIRD LLP

                                        By: _____
                                            Michael E. Johnson
                                            Kristin Ann Meister
                                            90 Park Avenue
                                            New York, New York  10016
                                            (212) 210-9400

                                        *Attorneys for Interpleader Plaintiffs Wells
                                        Fargo Bank, N.A., as Trustee, Tropic CDO I
                                        Ltd., Tropic CDO I Corp., Tropic CDO II
                                        Ltd., Tropic CDO II Corp., Tropic CDO III
                                        Ltd., Tropic CDO III Corp., Tropic CDO IV
                                        Ltd., Tropic CDO IV Corp., Soloso CDO
                                        2005-1 Ltd., Soloso CDO 2005-1 Corp.,
                                        Soloso CDO 2007-1 Ltd., and Soloso 2007-1
                                        Corp.*

LEGAL02/31694209v6

# Exhibit A

**EXHIBIT A**

| | |
|---|---|
| **TROPIC CDO I LTD.**<br>Both Capital Trust I<br>BUCS Financial Capital Trust I<br>First Coastal Capital Trust II<br>Frontier National Statutory Trust I<br>JESUP Capital Bancorp Inc Trust I<br>Redding Bancorp Trust<br>Shamrock Capital Trust I<br>Valley Commerce Trust I | **TROPIC CDO IV LTD.**<br>Armstrong Bancshares Trust I<br>BancStar Capital Trust II<br>Brogan Trust<br>Carolina Capital Trust<br>Central Community Corporation – Sub Debt<br>First Independent Statutory Trust I<br>Hilltop Capital Trust I<br>Independence Bancshares Trust II<br>Nebraskaland Capital Trust I<br>Northeast Securities Statutory Trust II<br>Northwestern Bancshares Inc. Trust I<br>NPB Capital Trust I |
| **TROPIC CDO II LTD.**<br>Amalgamated Capital Trust I<br>BancStar Capital Trust I<br>BCSB Capital Trust II<br>Cornhusker Capital Trust I<br>Crescent Financial Capital Trust I<br>KBS Capital Trust II<br>Lakeland Statutory Trust II<br>North Shore Capital Trust A<br>SAVB Capital Trust I<br>Southside Statutory Trust III<br>Weststar Financial Services Corp I | **SOLOSO CDO 2005-1 LTD.**<br>ACB Capital Trust I<br>Arrow Capital Statutory Trust III<br>Cumberland Valley Capital Trust I<br>Farmers Capital Bank Trust II<br>First Ipswich Statutory Trust III<br>Freeport Bancshares Statutory Trust I<br>Gulfstream Bancshares Capital Trust I<br>SNC Capital Trust I<br>Thomasville Capital Trust I<br>Universal Bancorp – Subordinated |
| **TROPIC CDO III LTD.**<br>Alpine Statutory Trust II<br>Armstrong Bancshares Trust I<br>BancStar Capital Trust II<br>East Main Street Trust I<br>First Community Financial Capital Trust I<br>First Mid-Illinois Statutory Trust I<br>Midcarolina Trust II<br>NPB Capital Trust I<br>Pinnacle Capital Trust I<br>Queensborough Capital Trust II<br>Umpqua Statutory Trust IV<br>Waseca Statutory Trust I | **SOLOSO CDO 2007-1 LTD.**<br>Ambank Holdings Capital Trust II<br>Duke Financial Capital Trust III<br>First Express of Nebraska Capital Trust II<br>First Farmers Statutory Trust III<br>First State Fremont Capital Trust I<br>Henderson Bancshares Capital Trust I<br>Parkway National Capital Trust I<br>Security Statebank of North Dakota – Sub Debt |