UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee, TROPIC CDO I LTD., TROPIC CDO I CORP., TROPIC CDO II LTD., TROPIC CDO II CORP,.TROPIC CDO III LTD., TROPIC CDO III CORP., TROPIC CDO IV LTD., TROPIC CDO IV CORP., SOLOSO CDO 2005-1 LTD., SOLOSO CDO 2005-1 CORP., SOLOSO CDO 2007-1 LTD., and SOLOSO CDO 2007-1 CORP.,<br><br>     Interpleader Plaintiffs,<br><br>  - against -<br><br>TRUST PREFERRED SOLUTIONS, LLC, HILDENE CAPITAL MANAGEMENT, LLC, CITIBANK INTERNATIONAL PLC, CITIGROUP GLOBAL MARKETS, INC., ZIONS FIRST NATIONAL BANK, VERTICAL CDO 2004-1, LTD., VERTICAL CDO 2003-1, LTD., BANC OF AMERICA SECURITIES LLC, ING CAPITAL LLC, AURELIUS CAPITAL MANAGEMENT GMBH, HSH NORDBANK AG LUXEMBOURG BRANCH, SHENANDOAH LIFE INSURANCE COMPANY, THE HUNTINGTON NATIONAL BANK, ASSURED GUARANTY CORP., SCP CAPITAL I, LTD., SCP MASTER FUND II, LTD., CRYSTAL FUND, LTD., CRYSTAL FUND II, LTD., WOODMEN OF THE WORLD LIFE INSURANCE, AG CNG FUND, L.P., AG SUPER FUND, L.P., AG SUPER FUND INTERNATIONAL PARTNERS, L.P., ALVIN SHERMAN 1993 REV. LIVING TRUST, GAM ARBITRAGE INVESTMENTS, INC., JAYNE SHERMAN, WATERFALL EDEN MASTER FUND, LTD., WMS WASHINGTON FUND LLC, and CEDE & CO., as holder of certain Secured Notes and nominee name of the Depository Trust Company, and DOES 1 through 100, owners of beneficial interests in the Notes and/or Preferred Shares,<br><br>     Interpleader Defendants. | No. 1:09-cv-9135 (DC)<br><br>ECF Case<br><br>**ANSWER TO CROSSCLAIMS FILED BY BANC OF AMERICA SECURITIES LLC AGAINST CROSSCLAIM DEFENDANTS AG CNG FUND, L.P., AG SUPER FUND, L.P., AG SUPER FUND INTERNATIONAL PARTNERS, L.P., GAM ARBITRAGE INVESTMENTS, INC., WATERFALL EDENMASTER FUND, LTD., CRYSTAL FUND, LTD., AND CRYSTAL FUND II, LTD** |

1

---------------------------------------------------------------x
BANC OF AMERICA SECURITIES LLC,

       Crossclaimant,

    -against-

TRUST PREFERRED SOLUTIONS, LLC, SCP
CAPITAL I, LTD., SCP MASTERS FUND II, LTD., AG
CNG FUND, L.P., AG SUPER FUND, L.P., AG SUPER
FUND INTERNATIONAL PARTNERS, L.P., ALVIN
SHERMAN 1993 REV. LIVING TRUST, GAM
ARBITRAGE INVESTMENTS, INC., JAYNE
SHERMAN, WATERFALL EDEN MASTER FUND, LTD.
LLC, WMS WASHINGTON FUND LLC, CRYSTAL
FUND, LTD., CRYSTAL FUND II, LTD., WOODMEN
OF THE WORLD LIFE INSURANCE SOCIETY, CEDE
& CO., AND DOES 1 THROUGH 100,

       Crossclaim Defendants,


BANC OF AMERICA SECURITIES LLC,

       Counterclaimant,

    -against-

WELLS FARGO BANK, NA., as Trustee, TROPIC CDO
I LTD., TROPIC CDO I CORP., TROPIC CDO II LTD.,
TROPIC CDO II CORP., TROPIC CDO III LTD.,
TROPIC CDO III CORP., TROPIC CDO IV LTD.,
TROPIC CDO IV CORP.,

       Counterclaim Defendants.
---------------------------------------------------------------x

Crossclaim Defendants AG CNG Fund, L.P., AG Super Fund, L.P., AG Super Fund International Partners, L.P., GAM Arbitrage Investments, Inc., Waterfall Eden Master Fund, Ltd., Crystal Fund, Ltd., and Crystal Fund II, Ltd., ("Crossclaim Defendants"), by their undersigned counsel, answer the Crossclaims of Banc of America Securities LLC ("Crossclaims") as follows:

## **CROSSCLAIMS**

1. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

2. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

3. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

4. Crossclaim Defendants admit that Section 10.3(d) of the Tropic IV Indenture requires the Trustee, on behalf of the Issuer, to notify the Holders of the Preferred Shares of any Portfolio Collateral that is subject to an Offer. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71.

5. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

6. Crossclaim Defendants deny the allegations in paragraph 73.

7. Crossclaim Defendants admit that TPS made its Offer to purchase Portfolio Collateral on October 15, 2009. Crossclaim Defendants deny the remaining allegations in paragraph 74.

8. Crossclaim Defendants admit that consent was obtained from holders of more than 66-2/3% of the Preferred Shares. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75.

9. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

10. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

11. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

12. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

13. Crossclaim Defendants admit that Tropic CDO IV Ltd. is an exempted company with limited liability organized under the laws of the Cayman Islands. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80.

14. Crossclaim Defendants admit that Tropic CDO IV Corp. is a Delaware corporation. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81.

15. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

16. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

17. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

18. Crossclaim Defendant AG CNG Fund, L.P. ("AG CNG") admits that AG CNG is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in New York. AG CNG further admits that AG CNG is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

19. Crossclaim Defendant AG Super Fund, L.P. ("AG Super Fund") admits that AG Super Fund is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in New York. AG Super Fund further admits that AG Super Fund is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

20. Crossclaim Defendant AG Super Fund International Partners, L.P. ("AG Super Fund International") admits that AG Super Fund International is a limited partnership organized and existing under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. AG Super Fund International further admits that AG Super Fund International is a Consenting Preferred Shareholder of Tropic

IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

21. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

22. Crossclaim Defendant GAM Arbitrage Investments, Inc. ("GAM") admits that GAM is a company with its principal place of business in the British Virgin Islands. GAM further admits that GAM is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

23. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

24. Substituted party Waterfall Eden Master Fund, Ltd. admits that Waterfall Asset Management LLC is a limited liability company organized and existing under the laws of the State of New York. Waterfall Eden Master Fund, Ltd. further admits that Waterfall Eden Master Fund, Ltd. is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

25. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

26. Crossclaim Defendant Crystal Fund, Ltd. ("Crystal Fund") admits that Crystal Fund is a company organized and existing under the laws of the British Virgin Islands, with its principal place of business at Round Town, Tortola, British Virgin Islands. Crystal Fund further admits that Crystal Fund is a Consenting Preferred

Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

27. Crossclaim Defendant Crystal Fund II, Ltd. ("Crystal Fund II") admits that Crystal Fund II is a company organized and existing under the laws of the British Virgin Islands, with its principal place of business at Round Town, Tortola, British Virgin Islands. Crystal Fund II further admits that Crystal Fund II is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

28. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

29. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

30. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

31. The allegations in paragraph 98 purport to state legal conclusions to which no response is required.

32. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

33. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

34. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

35. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102.

36. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

37. Crossclaim Defendants admit that the Granting Clause of the Tropic IV Indenture contains the language quoted in paragraph 104 without emphasis.

38. Crossclaim Defendants admit that Section 5.14 of the Tropic IV Indenture is entitled *Control by Noteholders*. Crossclaim Defendants further admit that Section 5.14 of the Tropic IV Indenture includes the language quoted in paragraph 105 without emphasis.

39. Crossclaim Defendants admit that Section 6.17 of the Tropic IV Indenture is entitled *Fiduciary for Noteholders; Agent for the Paying and Transfer Agent and the Hedge Counterparty*. Crossclaim Defendants admit that Section 6.17 of the Tropic IV Indenture includes the language quoted in paragraph 106 without emphasis. Crossclaim Defendants further admit that Section 12.3 of the Tropic IV Indenture is entitled *Underlying Instruments*.

40. Crossclaim Defendants admit that Section 7.8 of the Tropic IV Indenture is entitled *Negative Covenants*. Crossclaim Defendants deny that Section 7.8(a)(1) of the Tropic IV Indenture includes the language quoted in paragraph 107. Crossclaim Defendants further deny that Section 7.8(c) of the Tropic IV Indenture includes the language quoted in paragraph 107. Crossclaim Defendants admit that, correctly cited, Section 7.8(a)(1) of the Tropic IV Indenture provides that the Issuer will not "sell, transfer, exchange or otherwise dispose of, or pledge, mortgage, hypothecate or

otherwise encumber (or permit to occur or suffer such to exist), any part of the Trust Estate, except as expressly permitted by this Indenture." Crossclaim Defendants further admit that, correctly cited, Section 7.8(c) of the Tropic IV Indenture provides that "[t]he Trustee shall not sell, transfer, exchange, or otherwise dispose of, or enter into or engage in any business with respect to, any part of the Trust Estate, except as expressly permitted by this Indenture."

41. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

42. Crossclaim Defendants admit that Section 1.1 of the Tropic IV Indenture defines an "Offer" as quoted in paragraph 109 without emphasis.

43. Crossclaim Defendants admit that Section 1.1 of the Tropic IV Indenture defines "Collateral Principal Collections" as quoted in paragraph 110 without emphasis.

44. Crossclaim Defendants admit that the definition of "Collateral Interest Collections" in the Tropic IV Indenture includes the quoted language of paragraph 111 without emphasis.

45. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

46. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the allegations in paragraph 113.

47. Crossclaim Defendants admit that Section 10.3(d) of the Tropic IV Indenture includes the language quoted in paragraph 114 without emphasis. Crossclaim

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

48. Crossclaim Defendants deny the allegations in paragraph 115.

49. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the underlying rationale of Section 10.3(d). Crossclaim Defendants deny the remaining allegations in paragraph 116.

50. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

51. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

52. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

53. Crossclaim Defendants admit that the TPS Offer Letters include the language quoted in paragraph 120. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

54. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121.

55. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

56. Crossclaim Defendants admit that the Notices contain the quoted language in paragraph 123.

57. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

58. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125.

59. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

60. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

61. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

62. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129.

63. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

64. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

65. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

66. Crossclaim Defendants admit that on November 2, 2009, the Trustee filed the instant Complaint, amended January 20, 2010. Crossclaim Defendants further admit that the Complaint seeks a determination of the parties' respective rights to the Portfolio Collateral underlying the Topic IV CDO and the collateral underlying the other CDOs as alleged in paragraph 133.

67. Crossclaim Defendants admit that Banc of America Securities has filed a Crossclaim against the Consenting Preferred Shareholders and TPS. Crossclaim

Defendants further admit that Banc of America Securities has filed a Counterclaim against the Trustee and the Issuers as alleged in paragraph 134.

68. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

69. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136.

70. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

71. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138.

72. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139.

73. Crossclaim Defendants deny that the Preferred Shareholders do not have the right to direct a sale of the Portfolio Collateral. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140.

74. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141.

75. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142.

76. Crossclaim Defendants admit that Section 10.3(d) of the Tropic IV Indenture contains the language quoted in paragraph 143. Crossclaim Defendants deny

that the Preferred Shareholders do not have the right to direct a sale of the Portfolio Collateral.

## ANSWER TO CLAIM I

77. To the extent not previously admitted or denied, Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 144.

78. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

79. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.

80. Crossclaim Defendants deny the allegations in paragraph 147.

81. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148.

82. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149.

## ANSWER TO CLAIM III

83. To the extent not previously admitted or denied, Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 161.

84. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

85. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

86. Crossclaim Defendants deny the allegations in paragraph 164.

87. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165.

88. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166.

## ANSWER TO CLAIM IV

89. To the extent not previously admitted or denied, Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 167.

90. The allegations in paragraph 168 purport to state legal conclusions to which no response is required.

91. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169.

92. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

93. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

94. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

## ANSWER TO CLAIM V

95. To the extent not previously admitted or denied, Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 173.

96. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174.

97. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175.

98. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

99. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177.

100. Insofar as the Prayer for Relief paragraphs (a) – (h) set forth allegations against Crossclaim Defendants, Crossclaim Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in the Prayer for Relief (a) – (h). To the extent that the Prayer for Relief (a) – (h) purports to state legal conclusions, no response is required.

**GENERAL DENIAL**

101. Except as otherwise expressly admitted above, Crossclaim Defendants deny each and every allegation contained in paragraphs 68 through 177, including, without limitation, the headings, subheadings and exhibits contained in the Crossclaims. Crossclaim Defendants expressly reserve the right to amend and/or supplement this Answer.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

102. Crossclaim Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation, discovery, or preparation for trial it becomes

appropriate. By designating these matters "defenses," Crossclaim Defendants do not intend to suggest either that Crossclaimant does not bear the burden of proof as to such matters or that such matters are not elements of Crossclaimant's *prima facie* case against Crossclaim Defendants.

## FIRST AFFIRMATIVE DEFENSE

103. The Crossclaims fail to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

104. Crossclaim Defendants are not liable for any alleged damages because the conduct of persons and/or entities other than Crossclaim Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Crossclaimant.

## THIRD AFFIRMATIVE DEFENSE

105. Crossclaimant lacks standing to sue.

## FOURTH AFFIRMATIVE DEFENSE

106. Crossclaimant has not established that they are entitled to attorneys' fees under any act or theory forming the basis of any of their claims.

## FIFTH AFFIRMATIVE DEFENSE

107. Crossclaimant's claims against Crossclaim Defendants are barred because they fail to allege, and have not suffered, any cognizable injury attributable to any conduct by Crossclaim Defendants.

## SIXTH AFFIRMATIVE DEFENSE

108. Crossclaim Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other Crossclaim Defendants to the extent that those defenses apply to Crossclaim Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

109. Crossclaim Defendants reserve the right to raise any additional defenses, cross-claims, counterclaims, and/or third party claims not asserted herein of which they may become aware through discovery or other investigation.

**EIGHTH AFFIRMATIVE DEFENSE**

110. Crossclaim Defendants hereby invoke all of their contractual and common law indemnity rights, and hereby reserve their rights to be indemnified or held harmless to the full extent of any losses, expenses, claims or proceedings related to or arising out of certain transactions, including those at issue in the Crossclaim.

## NINTH AFFIRMATIVE DEFENSE

111. Crossclaim Defendants reserve their right to demand costs and disbursements, including legal fees and expenses, with respect to this action.

Dated: March 22, 2010
      New York, New York

COLE-FRIEMAN & BEUGELMANS, LLP

<u>/s/ Mauricio S. Beugelmans</u>
Mauricio S. Beugelmans (MB1181)
115 Broadway, Suite 1204
New York, New York 10006
tel: 646-519-4775
fax: 646-619-4800
*Attorneys for Crossclaim Defendants AG CNG Fund, L.P., AG Super Fund, L.P., AG Super Fund International Partners, L.P., GAM Arbitrage Investments, Inc., Waterfall Eden Master Fund, Ltd., Crystal Fund, Ltd., and Crystal Fund II, Ltd*