UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee, TROPIC CDO I LTD., TROPIC CDO I CORP., TROPIC CDO II LTD., TROPIC CDO II CORP,.TROPIC CDO III LTD., TROPIC CDO III CORP., TROPIC CDO IV LTD., TROPIC CDO IV CORP., SOLOSO CDO 2005-1 LTD., SOLOSO CDO 2005-1 CORP., SOLOSO CDO 2007-1 LTD., and SOLOSO CDO 2007-1 CORP.,<br><br>                Interpleader Plaintiffs,<br><br>    - against -<br><br>TRUST PREFERRED SOLUTIONS, LLC, HILDENE CAPITAL MANAGEMENT, LLC, CITIBANK INTERNATIONAL PLC, CITIGROUP GLOBAL MARKETS, INC., ZIONS FIRST NATIONAL BANK, VERTICAL CDO 2004-1, LTD., VERTICAL CDO 2003-1, LTD., BANC OF AMERICA SECURITIES LLC, ING CAPITAL LLC, AURELIUS CAPITAL MANAGEMENT GMBH, HSH NORDBANK AG LUXEMBOURG BRANCH, SHENANDOAH LIFE INSURANCE COMPANY, THE HUNTINGTON NATIONAL BANK, ASSURED GUARANTY CORP., SCP CAPITAL I, LTD., SCP MASTER FUND II, LTD., CRYSTAL FUND, LTD., CRYSTAL FUND II, LTD., WOODMEN OF THE WORLD LIFE INSURANCE, AG CNG FUND, L.P., AG SUPER FUND, L.P., AG SUPER FUND INTERNATIONAL PARTNERS, L.P., ALVIN SHERMAN 1993 REV. LIVING TRUST, GAM ARBITRAGE INVESTMENTS, INC., JAYNE SHERMAN, WATERFALL EDEN MASTER FUND, LTD., WMS WASHINGTON FUND LLC, and CEDE & CO., as holder of certain Secured Notes and nominee name of the Depository Trust Company, and DOES 1 through 100, owners of beneficial interests in the Notes and/or Preferred Shares,<br><br>                Interpleader Defendants. | No. 1:09-cv-9135 (DC)<br><br>ECF Case<br><br>**ANSWER TO CROSSCLAIMS FILED BY ASSURED GUARANTY CORP. AGAINST CROSSCLAIM DEFENDANTS AG CNG FUND, L.P., AG SUPER FUND, L.P., AG SUPER FUND INTERNATIONAL PARTNERS, L.P., GAM ARBITRAGE INVESTMENTS, INC., WATERFALL EDEN MASTER FUND, LTD., CRYSTAL FUND, LTD., AND CRYSTAL FUND II, LTD** |

1

----------------------------------------------------------------x
ASSURED GUARANTY CORP.,

        Counterclaimant,

    -against-

WELLS FARGO BANK, NA., as Trustee, TROPIC CDO IV LTD., TROPIC CDO IV CORP.,

        Counterclaim Defendants,

ASSURED GUARANTY CORP.,

        Crossclaimant,

    -against-

TRUST PREFERRED SOLUTIONS, LLC, SCP CAPITAL I, LTD., SCP MASTERS FUND II, LTD., AG CNG FUND, L.P., AG SUPER FUND, L.P., AG SUPER FUND INTERNATIONAL PARTNERS, L.P., ALVIN SHERMAN 1993 REV. LIVING TRUST, GAM ARBITRAGE INVESTMENTS, INC., JAYNE SHERMAN, WATERFALL EDEN MASTER FUND, LTD., WMS WASHINGTON FUND LLC, CRYSTAL FUND, LTD., CRYSTAL FUND II, LTD., WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, CEDE & CO., AND DOES 1 THROUGH 100,

        Crossclaim Defendants.

----------------------------------------------------------------x

Crossclaim Defendants AG CNG Fund, L.P., AG Super Fund, L.P., AG Super Fund International Partners, L.P., GAM Arbitrage Investments, Inc., Waterfall Eden Master Fund, Ltd., Crystal Fund, Ltd., and Crystal Fund II, Ltd., ("Crossclaim Defendants"), by their undersigned counsel, answer the Crossclaims of Assured Guaranty Corp. ("Crossclaims") as follows:

## **CROSSCLAIMS**

1.  Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.  Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.  Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.  Crossclaim Defendants admit that Section 10.3(d) of the Tropic IV Indenture requires the Trustee, on behalf of the Issuer, to notify the Holders of the Preferred Shares of any Portfolio Collateral that is subject to an Offer. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.  Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.  Crossclaim Defendants deny the allegations in paragraph 6.

7. Crossclaim Defendants admit that TPS made its Offer to purchase Portfolio Collateral on October 15, 2009. Crossclaim Defendants deny the remaining allegations in paragraph 7.

8. Crossclaim Defendants admit that consent was obtained from holders of more than 66-2/3% of the Preferred Shares. Crossclaim Defendants deny the remaining allegations of paragraph 8.

9. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. The allegations in paragraph 12 relate to capitalized terms and no response is required.

13. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Crossclaim Defendants admit that Tropic CDO IV Ltd. is an exempted company with limited liability organized under the laws of the Cayman Islands as alleged in paragraph 15.

16. Crossclaim Defendants admit that Tropic CDO IV Corp. is a Delaware corporation. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Crossclaim Defendant AG CNG Fund, L.P. ("AG CNG") admits that AG CNG is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in New York. AG CNG further admits that AG CNG is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Crossclaim Defendant AG Super Fund, L.P. ("AG Super Fund") admits that AG Super Fund is a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in New York. AG Super Fund further admits that AG Super Fund is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Crossclaim Defendant AG Super Fund International Partners, L.P. ("AG Super Fund International") admits that AG Super Fund International is a limited

partnership organized and existing under the laws of the Cayman Islands, with its principal place of business in the Cayman Islands. AG Super Fund International further admits that AG Super Fund International is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Crossclaim Defendant GAM Arbitrage Investments, Inc. ("GAM") admits that GAM is a company with its principal place of business in the British Virgin Islands. GAM further admits that GAM is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Substituted party Waterfall Eden Master Fund, Ltd. admits that Waterfall Asset Management LLC is a limited liability company organized and existing under the laws of the State of New York. Waterfall Eden Master Fund, Ltd. further admits that Waterfall Eden Master Fund, Ltd. is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Crosscclaim Defendant Crystal Fund, Ltd. ("Crystal Fund") admits that Crystal Fund is a company organized and existing under the laws of the British Virgin Islands, with its principal place of business at Round Town, Tortola, British Virgin Islands. Crystal Fund further admits that Crystal Fund is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Crossclaim Defendant Crystal Fund II, Ltd. ("Crystal Fund II") admits that Crystal Fund II is a company organized and existing under the laws of the British Virgin Islands, with its principal place of business at Round Town, Tortola, British Virgin Islands. Crystal Fund II further admits that Crystal Fund II is a Consenting Preferred Shareholder of Tropic IV. The remaining Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. The allegations in paragraph 33 purport to state legal conclusions to which no response is required.

34. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Crossclaim Defendants admit that the Granting Clause of the Tropic IV Indenture contains the language quoted in paragraph 42 without emphasis.

43. Crossclaim Defendants admit that Section 3.2 of the Tropic IV Indenture contains the language quoted in paragraph 43 without emphasis.

44. Crossclaim Defendants deny that Section 7.8(a)(1) of the Tropic IV Indenture includes the language quoted in paragraph 44. Crossclaim Defendants admit that, correctly cited, Section 7.8(a)(1) of the Tropic IV Indenture provides that the Issuer will not "sell, transfer, exchange or otherwise dispose of, or pledge, mortgage,

hypothecate or otherwise encumber (or permit to occur or suffer such to exist), any part of the Trust Estate, except as expressly permitted by this Indenture."

45. Crossclaim Defendants deny that Section 7.8(c) of the Tropic IV Indenture includes the language quoted in paragraph 45. Crossclaim Defendants admit that, correctly cited, Section 7.8(c) of the Tropic IV Indenture provides that "[t]he Trustee shall not sell, transfer, exchange, or otherwise dispose of, or enter into or engage in any business with respect to, any part of the Trust Estate, except as expressly permitted by this Indenture."

46. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Crossclaim Defendants admit that Section 1.1 of the Tropic IV Indenture defines "Collateral Principal Collections" as quoted in paragraph 47 on page 24 of the Crossclaim without emphasis.

48. Crossclaim Defendants admit that the definition of "Collateral Interest Collections" in Section 1.1 of the Tropic IV Indenture includes the quoted language of paragraph 48 on pages 24-25 of the Crossclaim without emphasis.

49. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 on page 25 of the Crossclaim.

50. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 on page 25 of the Crossclaim.

9

51. Crossclaim Defendants admit that the Granting Clauses of the Tropic IV Indenture contain the language quoted in paragraph 48 on pages 25-26 of the Crossclaim. Crossclaim Defendants further admit that Section 10.3(d) of the Tropic IV Indenture includes the language quoted in paragraph 48 on pages 25-26 of the Crossclaim without emphasis. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 on pages 25-26 of the Crossclaim.

52. Crossclaim Defendants deny the allegations in paragraph 49 on page 26 of the Crossclaim.

53. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the underlying rationale of Section 10.3(d). Crossclaim Defendants deny the remaining allegations in paragraph 50.

54. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

55. Crossclaim Defendants admit that Section 12.2 of the Tropic IV Indenture includes the language quoted in paragraph 52 without emphasis. Crossclaim Defendants deny the allegations in paragraph 52.

56. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

57. Crossclaim Defendants admit that Section 6.17 of the Tropic IV Indenture is entitled *Fiduciary for Noteholders; Agent for the Paying and Transfer Agent and the Hedge Counterparty*. Crossclaim Defendants admit that Section 6.17 of the Tropic IV Indenture includes the language quoted in paragraph 54 without emphasis.

Crossclaim Defendants further admit that Section 12.3 of the Tropic IV Indenture is entitled *Underlying Instruments*.

58. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

59. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

60. Crossclaim Defendants admit that the TPS Offer Letters include the language quoted in paragraph 57. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

61. Crossclaim Defendants admit that Section 1.1 of the Tropic IV Indenture defines an "Offer" as quoted in paragraph 58 without emphasis. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

62. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

63. Crossclaim Defendants admit that the Trustee of Tropic IV notified the Crossclaim Defendants of the TPS Offer. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60.

64. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

65. Crossclaim Defendants admit that the Notices contain the quoted language in paragraph 62 without emphasis.

66. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

68. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

69. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

70. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

71. Crossclaim Defendants admit that on November 2, 2009, the Trustee filed the instant Complaint, amended January 20, 2010. Crossclaim Defendants further admit that the Complaint seeks a determination of the parties' respective rights to the Portfolio Collateral underlying the Topic IV CDO and the collateral underlying the other CDOs as alleged in paragraph 68.

72. Crossclaim Defendants admit that Zions has filed a Crossclaim against the Consenting Preferred Shareholders and TPS. Crossclaim Defendants further admit that Zions has filed a Counterclaim against the Trustee and the Issuers as alleged in paragraph 69.

73. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

74. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

75. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

76. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

77. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

78. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

79. Crossclaim Defendants deny that the Preferred Shareholders do not have the right to direct a sale of the Portfolio Collateral. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76.

80. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

81. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

82. Crossclaim Defendants admit that Section 10.3(d) of the Tropic IV Indenture contains the language quoted in paragraph 79. Crossclaim Defendants deny that the Preferred Shareholders do not have the right to direct a sale of the Portfolio Collateral.

## ANSWER TO CLAIM I

83. To the extent not previously admitted or denied, Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraphs 1 through 80, including the additional paragraphs 47 through 49 on pages 25 and 26.

84. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

85. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

86. Crossclaim Defendants deny the allegations in paragraph 83.

87. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

88. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

## ANSWER TO CLAIM III

89. To the extent not previously admitted or denied, Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 97, including the additional paragraphs 47 through 49 on pages 25 and 26.

90. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

91. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

92. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

93. Crossclaim Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

94. Insofar as the Plea for Relief paragraphs (a) – (h) set forth allegations against Crossclaim Defendants, Crossclaim Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in the Plea for Relief (a) – (h). To the extent that the Plea for Relief (a) – (h) purports to state legal conclusions, no response is required.

## GENERAL DENIAL

95. Except as otherwise expressly admitted above, Crossclaim Defendants deny each and every allegation contained in paragraphs 1 through 101, including, without limitation, the headings, subheadings and exhibits contained in the Crossclaims. Crossclaim Defendants expressly reserve the right to amend and/or supplement this Answer.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

96. Crossclaim Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters "defenses," Crossclaim Defendants do not intend to suggest either that Crossclaimant does not bear the burden of proof as to such matters or that such matters are not elements of Crossclaimant's *prima facie* case against Crossclaim Defendants.

## FIRST AFFIRMATIVE DEFENSE

97. The Crossclaims fail to state any claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

98. Crossclaim Defendants are not liable for any alleged damages because the conduct of persons and/or entities other than Crossclaim Defendants was a superseding or intervening cause of any damage, loss, or injury sustained by Crossclaimant.

**THIRD AFFIRMATIVE DEFENSE**

99. Crossclaimant lacks standing to sue.

**FOURTH AFFIRMATIVE DEFENSE**

100. Crossclaimant has not established that they are entitled to attorneys' fees under any act or theory forming the basis of any of their claims.

**FIFTH AFFIRMATIVE DEFENSE**

101. Crossclaimant's claims against Crossclaim Defendants are barred because they fail to allege, and have not suffered, any cognizable injury attributable to any conduct by Crossclaim Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

102. Crossclaim Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any of the other Crossclaim Defendants to the extent that those defenses apply to Crossclaim Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

103. Crossclaim Defendants reserve the right to raise any additional defenses, cross-claims, counterclaims, and/or third party claims not asserted herein of which they may become aware through discovery or other investigation.

## EIGHTH AFFIRMATIVE DEFENSE

104. Crossclaim Defendants hereby invoke all of their contractual and common law indemnity rights, and hereby reserve their rights to be indemnified or held harmless to the full extent of any losses, expenses, claims or proceedings related to or arising out of certain transactions, including those at issue in the Crossclaim.

## NINTH AFFIRMATIVE DEFENSE

105. Crossclaim Defendants reserve their right to demand costs and disbursements, including legal fees and expenses, with respect to this action.

Dated: March 22, 2010
New York, New York

COLE-FRIEMAN & BEUGELMANS, LLP

/s/ Mauricio S. Beugelmans
Mauricio S. Beugelmans (MB1181)
115 Broadway, Suite 1204
New York, New York 10006
tel: 646-519-4775
fax: 646-619-4800
*Attorneys for Crossclaim Defendants AG CNG Fund, L.P., AG Super Fund, L.P., AG Super Fund International Partners, L.P., GAM Arbitrage Investments, Inc., Waterfall Eden Master Fund, Ltd., Crystal Fund, Ltd., and Crystal Fund II, Ltd*